# Exhibit D

**SCULLY, SCOTT, MURPHY & PRESSER PC**
INTELLECTUAL PROPERTY LAW

40 YEARS

SECURING INGENUITY®

December 15, 2014
**VIA EMAIL AND MAIL**

400 GARDEN CITY PLAZA
SUITE 300
GARDEN CITY, NY 11530
516-742-4343
FAX: 516-742-4366
E-MAIL: INTPROP@SSMP.COM
WWW.SSMP.COM

FRANK S. DIGIGLIO
PAUL J. ESATTO, JR.
JOHN S. SENSNY
MARK J. COHEN
EDWARD W. GROLZ
STEVEN FISCHMAN
PETER I. BERNSTEIN
THOMAS SPINELLI
XIAOCHUN ZHU
EUNHEE PARK
RICHARD L. CATANIA
STEVEN I. WALLACH
KEITH A. WELTSCH
SETH M. WEINFELD

DREW BERWEGER
WILLIAM CHUNG
DAVID E. LANSKY
BYEONGJU PARK
LYNN M. RUSSO
MATTHEW B. TROPPER
KATHERINE R. VIEYRA°

PATENT AGENTS
LESLIE S. SZIVOS, PH.D.
EDMUND GUTIERREZ, PH.D.
HESONG CAO*
JOHN PYUN, J.D.

COUNSEL
BARRY M. KRIVISKY
ALLEN R. MORGANSTERN
STEPHEN A. YOUNG

TECHNICAL CONSULTANTS
DOMINICK A. TUCCIO
ADAM M. DEROSA, PH.D.

RETIRED
JOHN F. SCULLY
STEPHEN D. MURPHY

ANTHONY C. SCOTT
1931-1994
LEOPOLD PRESSER
1927-2011

°OH BAR ONLY
*LIMITED RECOGNITION

Seth L. Hudson, Esq.
Clements Bernard
1901 Roxborough Road
Suite 250
Charlotte, NC  28211

Re:   Global Plasma Solutions, LLC v. Plasma Air International, Inc.
      Our Docket:  F54330

Dear Mr. Hudson:

We are in receipt of your December 2, 2014 letter reiterating your baseless accusation against our client Plasma Air International, Inc. ("Plasma Air") of infringement of a pending patent application (identified as U.S. Patent Publication No. 2014/0078639) (the "'639 Publication") and a newly issued patent, namely, U.S. Patent No. 8,873,215 (the "'215 Patent) issued to Global Plasma Solutions, LLC ("GPS").

It is curious that your letter begins with "at your invitation"; however, the letter does not, in fact, take us up on the invitation. The invitation set forth in our letter of August 15, 2014, was not for GPS simply to repeat its accusations, but rather for GPS to present to Plasma Air a detailed basis why GPS believes any Plasma Air product infringes any valid claim of a GPS patent, if and when issued. Your December 2, 2014 letter is wanting in this regard. The reason is simple; GPS does not have any factual basis to support its conclusion of infringement of any valid claim in an issued patent. Rather, it is apparent that GPS has not conducted any reasonable due diligence prior to sending the letters.

It is ironic that your December 2, 2014 letter accuses our client of copying GPS's purported invention after viewing a brochure, when at least one of your purported inventions is a copy of products that have been available for years prior to its effective filing date. Moreover, Plasma Air did not see the purported invention in any GPS brochure prior to Plasma Air's development of its products. Nevertheless, please provide the alleged brochure disclosing the purported invention, proof of the date that the brochure was available and how the brochure was disclosed to our client.

Additionally, we have numerous pieces of prior art that read on the claims of the both the '215 Patent and U.S. Application Serial No. 14/021,507 (the "'507 Application) (which published as the '639 Application) that were publically available prior to the respective effective filing dates.

Moreover, neither the '215 Patent nor the '507 Application is entitled to a claim of priority as the explicit requirements under 37 C.F.R. § 1.78 and 35 U.S.C. § 120 have not been met.

As previously noted in our February 28, 2014 letter to you, the 14/036,173 (the "'173 Application) (which issued as the '215 Patent), had a defective claim of priority as the requirements of 37 C.F.R. § 1.78 were not satisfied, in blatant disregard of the same. 37 C.F.R. § 1.78(c)(6) requires that:

> If a nonprovisional application filed on or after March 16, 2013, claims the benefit of the filing date of a nonprovisional application or an international application designating the United States of America filed prior to March 16, 2013, and also contains, *or contained at any time, a claim to a claimed invention that has an effective filing date on or after March 16, 2013*, the *applicant must provide a statement to that effect within the later of four months from the actual filing date of the later-filed application*, four months from the date of entry into the national stage as set forth in **§ 1.491** in an international application, sixteen months from the filing date of the prior-filed application, or the date that a first claim to a claimed invention that has an effective filing date on or after March 16, 2013, is presented in the later-filed application.

The '173 Application clearly contained at least one claim that had an effective filing date on or after March 16, 2013. However, your client did not make the statement in the Application Data Sheet. While, certain claims were subsequently canceled after we told you about the defective claim of priority, canceling claims is not a cure.

Furthermore, the '173 Application contains an incorrect specific reference to the earlier filed application. 35 U.S.C. § 120 requires that the application contain a specific reference to the earlier filed application. 37 C.F.R. § 1.78(c)(2) requires the reference to include the relationship of the applications. ("The reference also *must identify the relationship of the applications, namely, whether the later-filed application is a continuation, divisional, or a continuation-in part* of the prior-filed nonprovisional application or international application"). 37 C.F.R. § 1.78(c)(2) also requires that the reference be included in the Application Data Sheet (If the later-filed application is a nonprovisional application, the reference required by this paragraph *must be included in an application data sheet*).

In the '173 Application, the Application Data Sheet identifies the '173 Application as a ***continuation*** of U.S. Patent Application Serial No. 12/578,753.

Application Data Sheet dated September 25, 2013 at p. 2. Moreover, a supplemental Application Data Sheet submitted on August 27, 2014, still identifies the '173 Application as a ***continuation*** of U.S. Patent Application Serial No. 12/578,753. Information on the Application Data Sheet is controlling for a claim of priority. *See* 37 C.F.R. § 1.76(d).

Therefore, the effective filing date for the '173 Application (and thus the '215 Patent) is September 25, 2013, e.g., the date for determining the status of prior art. The '507 Application is similarly defective and therefore the effective filing date of the '507 Application is September 9, 2013.

Furthermore, as both the '215 Patent and the '507 Application are under the first inventor to file law, prior art having a date prior to the respective effective filing dates will invalidate the claims. We are sure your client is well aware that products meeting the claims of the '215 Patent and the '507 Application, including your own client's products, have been on the market prior to the September 2013 effective filing dates.

Moreover, GPS's continued pattern of misinforming the United States Patent and Trademark Office of the proper status of the application and failure to properly identify the '173 Application as containing at least one claim that had an effective filing date on or after March 16, 2013 (by checking the box) as explicitly required by the Rules is inequitable conduct that renders the '215 Patent unenforceable. GPS had ample time to properly notify the United States Patent and Trademark Office of the correct status such that the Examiner could examine the claims of the application using the correct law. For example, GPS could have checked the box within four months of filing the application as required by the rule. At least, GPS could have provided a statement to the Office when we informed you that the claim of priority was defective or in response to the Examiner stating that "the present application is being examined under the pre-AIA first to invent provisions" Office Action dated March 31, 2014 at p.2; or even when submitting the supplemental ADS.

While the later filed statements would not cure the defective claim of priority, the proper notification would have allowed the Examiner to examine the claims using the correct law. But, instead GPS intentionally failed to do the same. GPS's failures directly lead the Examiner to examine the claims under the wrong law; but for GPS's inequitable conduct, the '173 Application would not have issued as a patent. Notably, the USPTO considers the '173 Application as a continuation application as opposed to a continuation-in-part. *See* Continuity status on PAIR.

Simply put, our client does not infringe any valid claim of an issued patent to GPS.

Moreover, as previously noted, until a patent actually issues on the pending application, GPS has no rights to enforce. Therefore, your statement that our client's

continued selling and distribution of a "Plasma Bar" after November 18, 2013 cannot be a basis for any "intentional infringement" of the '215 Patent, as the '215 Patent issued on October 28, 2014.

Additionally, we demand that your client refrain from blatantly mischaracterizing Plasma Air's advertisements. Our client did not claim its Plasma Bar is patented in a press release for the 2014 AHR Expo. But rather the press release clearly refers to the needlepoint ion technology utilized within the Plasma Bar product as groundbreaking and being patented. Therefore, the press release is not false and deceptive as you claim.

As we have noted numerous times, Plasma Air respects the legitimate intellectual property rights of others. If GPS is willing to have a _meaningful_ discussion with Plasma Air regarding the purported inventions claimed in any issued GPS patent, our client would be willing to discuss the same.

However, your continued persistence in alleging that our client infringes any claim of a GPS patent (and pending Patent application) _without_ any factual basis will not be tolerated and our client will defend its rights using any means afforded by law including post grant challenges at the United States Patent and Trademark Office available, including post grant review, _inter-partes_ review and _ex parte_ reexamination.

Since our client does not infringe any valid claim of an issued patent, our client will not provide any of the items demanded in your December 2, 2014 letter.

Very truly yours,

Seth Weinfeld

SMW:ae
cc:  Larry Sunshine