IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PLASMA AIR INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL PLASMA SOLUTIONS, LLC, <br><br> Defendant | CIVIL ACTION FILE <br><br> NO. 3:15-CV-01054-RNC |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and Local Rule 7(d), Defendant Global Plasma Solutions, LLC ("Global"), files this Reply Brief in support of its [14] motion to dismiss the complaint of Plaintiff Plasma Air International, Inc. ("PAI") for lack of subject matter jurisdiction.

I.  Global's Covenant is Neither Ambiguous Nor Conditional

Contrary to the assertions in pages 5-10 of PAI's [22] memorandum in opposition ("PAI's Brief"), Global's covenant not to sue is neither ambiguous nor conditional.

First, Global's pending continuation application is irrelevant to the Court's subject matter jurisdiction analysis.  By arguing otherwise, PAI ignores the well-settled, controlling authority holding that a declaratory judgment action cannot be based on a pending patent application. *Compare* [22] PAI Brief, p. 6, *with* [14-1] Global Memorandum in Support of Motion to Dismiss, pp. 7-8 (citing cases).

Second, Global's covenant unequivocally covers any claim against PAI, "its successors, assigns, officers, directors, employees, affiliates, distributors, agents, and/or downstream

ORAL ARGUMENT REQUESTED

customers for infringing the '303 Patent." *See* [14-4], p.4, Covenant Not to Sue.  Under the Patent Act, infringing conduct includes making, using, selling, offering for sale within the United States, or importing into the United States, as well as indirectly inducing infringement.  *See* 35 U.S.C. § 271(a) and (b).  By covenanting not to sue PAI "for ***infringing*** the '303 Patent" (emphasis added), Global necessarily covenanted not to sue for any type of infringement under the Patent Act, including direct, indirect, making, using, selling, offering for sale, or importing. As a result, and contrary to the argument at pages 6-8 of PAI's Brief, Global's covenant unambiguously covers:  (a) any claims for infringing the '303 Patent by using the patented method or any other type of infringement; (b) any claims of infringement by PAI's "downstream customers" as expressly stated in the covenant; (c) any claims for indirect infringement, including inducement and contribution; and (d) any claims for infringement by importation.

Third, Global's covenant unambiguously and unconditionally covers future sales of PAI's existing products, contrary to the argument at pages 8-9 of PAI's brief.  In contrast to the facts in *Revolution Eyewear,* where the patent owner refused to offer a covenant not to sue on current products,[1] here Global has stated, and continues to state that its covenant absolutely covers any products PAI currently sells or previously sold, and any future sales of those same products.  Global submits that the language of its covenant is clear and unambiguous on this point.  Nonetheless, in case any real doubt remains, Global reiterates here that its covenant absolutely allows PAI and its constituents, for the remaining life of the '303 Patent, to continue making, using, selling, offering to sell, or importing, directly or indirectly, any product PAI

---

[1] *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 556 F.3d 1294, 1300 (Fed. Cir. 2009).

advertised, manufactured, marketed, or sold prior to August 17, 2015, and any future sales of those same products, without fear of any claim that such activities infringe the '303 Patent.

Global's covenant not to sue thus establishes clearly, unambiguously, and unconditionally that no actual case or controversy exists between the parties concerning the '303 Patent, and the Court therefore lacks subject matter jurisdiction to hear this declaratory judgment action.

II.  Global's Covenant Not To Sue Fully Deprives the Court of Subject Matter Jurisdiction Over PAI's Declaratory Judgment Claims

Contrary to PAI's argument,[2] a covenant not to sue before a court considers or decides the issue of infringement divests the Court of subject matter jurisdiction over the alleged infringer's declaratory judgment claims. *See Benitec Australia. Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1346 (Fed. Cir. 2007) (even where patentee "acknowledged lack of infringement . . . when it moved to dismiss its infringement claims," absent an adjudication on the issue of infringement, the covenant not to sue removed the controversy over defendant's counterclaims).

PAI's reliance on *Fort James Corp. v. Solo Cup Co.* is misplaced. *See* PAI Brief, pp. 11. In *Fort James*, the Federal Circuit recognized the general rule of *Super Sack* and its progeny applicable here, while distinguishing the "unique procedural posture" presented in *Fort James*:

> In *Super Sack* and its progeny, the patentee's covenant not to sue was filed prior to consideration or resolution of the underlying infringement claim. In such circumstances, the promise not to sue obviated any reasonable apprehension that the declaratory judgment plaintiff might have of being held liable for its acts of infringement. … Here, however, the Post-Verdict Covenant had no effect on Fort James's claim for infringement, because that controversy had already been resolved by the jury's verdict.

---

[2] PAI Brief, pp. 10-12

3

*Fort James Corp. v. Solo Cup Co.,* 412 F.3d 1340, 1348 (Fed. Cir. 2005) (citations omitted). Thus, *Fort James* stands only for the proposition that a court may retain declaratory judgment jurisdiction where it has already considered or resolved an underlying infringement claim. *See id.* at 1348-49.

*Fort James* does not support PAI's unprecedented and unfounded assertion that because its declaratory judgment claims involve only invalidity and unenforceability (as opposed to non-infringement), Global's covenant not to sue "does not moot these issues." *See* PAI Bref at 10-11. *Fort James* did not turn on the nature of the declaratory judgment claims at all. The issue in *Fort James* was whether the district court retained jurisdiction to hear declaratory judgment claims related to the patent *after* the jury's verdict of non-infringement. *See Fort James,* 412 F.3d at 1348-49. PAI cites no other case to support its novel assertion, nor could it. Whether the declaratory judgment claims involve infringement, validity, or enforceability is irrelevant to the question of whether a sufficiently justiciable case or controversy exists between the parties to establish subject matter jurisdiction, and PAI cites no case holding that the nature of the declaratory relief matters in any way.

In any event, *Fort James* does nothing to alter the longstanding Federal Circuit rule that where, as here, a covenant not to sue is given before a court considers or decides the underlying infringement issue, the covenant deprives the district court of subject matter jurisdiction to hear any declaratory judgment claims related to the patent, including claims of invalidity or unenforceability.

This critical issue of timing was later affirmed by the Federal Circuit in *Benitec,* where the Federal Circuit held:

> Contrary to Nucleonic's assertions, *Fort James* does not compel jurisdiction here. The instant setting is different because no trial of the infringement issue has taken place. Benitec instead had its claims dismissed at its request before a trial and the considerable effort connected therewith had taken place.

*Benitec Austl., Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1347 (Fed. Cir. 2007). The Federal Circuit went on to hold that

> Benitec made its covenant and sought dismissal of its infringement claim after it concluded that the *Merck* decision precluded an infringement claim based upon the activities of Nucleonics on which it, Benitec, had instituted its suit. Under these circumstances, there is no controversy between the parties concerning infringement by Nucleonics in its development of human applications of RNAi technology.

Benitec, 495 F.3d at 1347-1348. As a result, the Federal Circuit held that

> Nucleonics has not made a showing of "sufficient immediacy and reality" to support declaratory judgment jurisdiction. The district court's judgment of dismissal for lack of jurisdiction is affirmed.

*Id.* at 1349.

Like *Benitec*, Global's covenant not to sue here was given before any consideration or resolution by the Court of the issue of infringement. As a result, Global's covenant fully and completely deprives the Court of subject matter jurisdiction to hear PAI's declaratory judgment claims. *See Super Sack Mfg. Corp. v Chase Packaging Corp.,* 57 F.3d 1054, 1059-60 (Fed. Cir. 1995) (holding a covenant not to sue, filed after more than five years and a full discovery phase--but before any determination by the court on the issue of infringement--"remove[d] from the field any controversy sufficiently actual to confer jurisdiction" over defendant's declaratory judgment counterclaims). *Fort James* is not to the contrary, and in fact, recognizes the Federal

5

Circuit's longstanding rule applicable to the facts presented here. *See Fort James,* 412 F.3d at 1348-49; *see, e.g., MedImmune, Inc. v. Genentech, Inc.,* 535 F. Supp. 2d 1000, 1005 (C.D. Cal. 2008) (dismissing case where patentee tendered covenant not to sue after adverse *Markman* claim construction ruling, and holding that "Federal Circuit precedent makes clear that the only significant ruling that can affect the validity of a covenant to sue is an actual finding of noninfringement.")

PAI's attempt to distinguish *Benitec* fails, and misses the point. *See* PAI Brief at 11-12. The significance of *Benitec* here is that it correctly recognized the key distinction PAI ignores between the "unique procedural posture" of *Fort James* and the longstanding general rule of *Super Sack* applicable to this case. By failing even to mention *Benitec's* analysis of this point, PAI wrongly suggests the *Benitec* decision rests solely on the underlying facts that led to the patentee's decision to dismiss its infringement claims and covenant not to sue. While those underlying facts may provide context and additional support for the *Benitec* holding, the significance of *Benitec* here is that the Federal Circuit rejected PAI's reading of *Fort James*. Instead, *Benitec* reaffirmed and applied the longstanding *Super Sack* rule to hold that Benitec's dismissal of its claims and its covenant not to sue deprived the district court of subject matter jurisdiction. *See id.* at 1347-48.

PAI's attempt to use *Revolution Eyewear* to distinguish *Benitec* and *Super Sack* also fails. In *Revolution Eyewear,* the parties and the district court all understood that Revolution's covenant not to sue did not protect the accused infringer from suit if it should re-introduce its prior infringing products in the marketplace. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,* 556 F.3d 1294, 1296 (Fed. Cir. 2009). In other words, the covenant in *Revolution Eyewear,*

6

unlike here, "did not extend to future sales of the same product as was previously sold." *Id.* at 1928.  Moreover, the patentee stated that it would return to court if the accused infringer reentered the marketplace with its former accused products, and the record showed the accused infringer had such products in storage that it intended to sell again.  *Id.* at 1298-99.  Because the proffered covenant did not cover such products, the Federal Circuit unsurprisingly held that a sufficient dispute remained between the parties to sustain declaratory judgment jurisdiction in that case.

Global's covenant in this case fully and unequivocally immunizes PAI from any lawsuit claiming infringement of the '303 Patent based on any and all of PAI's current or former products.  As a result, no justiciable controversy remains between Global and PAI concerning the '303 Patent, and the case should therefore be dismissed for lack of subject matter jurisdiction.

III.  The Court Does Not Have Independent Jurisdiction Under 35 U.S.C. § 285 Absent Any Infringement Claim Asserted in Litigation

PAI's argument that the Court somehow has independent jurisdiction under Section 285 of the Patent Act (PAI Brief, pp. 13-15) lacks any basis in law or in fact.  Section 285 provides that "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  The Supreme Court has held that

> an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's *litigating position* (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was *litigated*.  District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014) (emphasis added).  PAI cites no case holding that a district court has independent initial subject matter

jurisdiction to hear claims for inequitable conduct or attorney's fees under Section 285 absent any claim for infringement asserted in litigation based solely on a pre-litigation demand letter, nor could it.  No basis for such independent jurisdiction exists.

All of the cases cited by PAI involve situations where the patentee actually asserted infringement claims in the litigation and litigated those claims before later withdrawing or losing them.[3]  In such cases, a district court may retain jurisdiction to hear claims for attorney's fees under Section 285 concerning how the asserted infringement claims were litigated.  Here, however, Global has never asserted in litigation – let alone litigated – a claim against PAI for infringement of the '303 Patent, so no independent jurisdiction exists to hear PAI's claim under 35 U.S.C. § 285.  Simply put, Section 285 does not create an independent cause of action or independent initial subject matter jurisdiction absent a claim of infringement actually being asserted in litigation.  Since Global has asserted no such claim here, and has unequivocally covenanted not to assert any such claims for infringement of the '303 Patent, PAI's action must be dismissed.

---

[3] *See Monsanto Co. v. Bayer Bioscience NV*, 514 F.3d 1229, 1232-33, 1242-43 (Fed Cir. 2008) (patentee responded to declaratory judgment action with counterclaims for infringement which were litigated extensively before being dismissed or adjudicated); *Highway Equip. Co. v. FECO Ltd.,* 469 F.3d 1027, 1030 (Fed. Cir. 2006) (patentee filed infringement complaint and litigated for nearly two years before seeking dismissal and giving covenant not to sue just before trial); *Samsung Elecs. Co. v. Rambus Inc.,* 440 F. Supp. 2d 495, 496-98 (E.D. Va. 2006) (patentee asserted and litigated infringement counterclaims).

## CONCLUSION

For the foregoing reasons, no case or controversy exists between Global and PAI in light of Global's covenant not to sue PAI over the '303 Patent, and this case should therefore be dismissed for lack of subject matter jurisdiction.

This 23rd day of September, 2015.

      Respectfully submitted,

      By: */s/ Alexander E. Andrews*
      Alexander E. Andrews, ct27811
      Alix, Yale & Ristas, LLP
      750 Main Street, Suite 1400
      Telephone: (860) 527-9211
      Facsimile: (860) 527-5029
      E-mail: aandrews@pctlaw.com

      Daniel A. Kent
      phv07657
      dan@kentiplit.com
      KENT LAW, P.C.
      555 N Point Ctr E Ste 400
      Alpharetta, GA 30022
      Tel: (404) 585-4214
      Fax: (404) 829-2412

      Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically and served by First Class Mail postage prepaid on any party unable to accept electronic filing. Notice of the filing will be sent via email to all registered parties by the Court's CM/ECF electronic filing system.

/s/ *Alexander E. Andrews*
Alexander E. Andrews